UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mark Hanson,                                                                  Civil No. 09-1034 (DWF/LIB)

          Plaintiff,

v.                                                                                           **ORDER**

Randolph E. Stefanson, and
Stefanson, Plambeck, Foss & Fisher,

          Defendants.
_____

David J. Wymore, Esq., Christopher M. Daniels, Esq., and Jesse H. Kibort, Esq., Daniels & Wymore, PLLC, counsel for Plaintiff.

Jan M. Gunderson, Esq., and Matthew J. Mahoney, Esq., Bassford Remele, PA; and Bruce A. Schoenwald, Esq., Stefanson Law, counsel for Defendants.
_____

This matter is before the Court upon a request for leave to file a motion to reconsider the Court's May 28, 2010 Memorandum Opinion and Order granting Defendants' Motion for Summary Judgment (the "May 28, 2010 Order"). In the May 28, 2010 Order, the Court dismissed with prejudice Plaintiff's legal malpractice claims against Defendants Randolph E. Stefanson, and Stefanson, Plambeck, Foss & Fisher for failing to timely file Plaintiff's claims under the Americans with Disabilities Act ("ADA") and Minnesota Human Rights Act ("MHRA") in state court.

The facts of this case are more fully set forth in the Court's May 28, 2010 Order. (Doc. No. 53.) The Court summarizes and updates the facts here. Plaintiff was terminated from his position as the Chief of Police in Hawley, Minnesota, due to alleged

misconduct stemming from a minor traffic accident in 2005. At the scene of the accident, Plaintiff registered a .024 blood alcohol content, which triggered an investigation and eventually led to Plaintiff's termination. Plaintiff retained Defendant Randolph Stefanson to represent him in litigation against the City of Hawley.[1] While represented by Defendants, Plaintiff appealed his termination to the Minnesota Court of Appeals, claiming that the City of Hawley violated the ADA, MHRA, and Minnesota Drug and Alcohol Testing in the Workplace Act ("MDATWA"). The Court of Appeals upheld Plaintiff's termination and explained that Plaintiff's asserted claims under the ADA and the MHRA were beyond the scope of its review.

Still represented by Defendants, Plaintiff filed a new action in Minnesota state court. In the state action, Plaintiff asserted four counts, including claims under the ADA and MHRA. The state district court granted summary judgment in favor of the City of Hawley on all counts, including Plaintiff's ADA and MHRA claims, which the court determined were time-barred.

Plaintiff then brought the current action against Defendants, alleging legal malpractice with respect to the time-barred ADA and MHRA claims. Plaintiff alleges that his termination was the result of disability discrimination in violation of the ADA and MHRA and that he could have established a *prima facie* case of discrimination but for Defendants' failure to timely file his ADA and MHRA claims. Attorney Richard I. Diamond originally represented Plaintiff in the present action. Defendants moved for

---

[1] While Plaintiff retained Randolph Stefanson, Plaintiff alleges that Stefanson practiced law under the name of Stefanson, Plambeck, Foss & Fisher. (Doc. No. 1, Compl. ¶ 1.2.) Therefore, the Court refers to the Defendants collectively.

2

summary judgment and the Court concluded that Plaintiff's malpractice claims failed as a matter of law because Plaintiff's discrimination claims could not have survived summary judgment even if they were timely filed. (Doc. No. 53.) In particular, the Court ruled that Plaintiff failed to establish a *prima facie* case under the ADA or MHRA because there was no evidence that Plaintiff was disabled or terminated because of a disability. (*Id*. at 9.) The Court also found that even if Plaintiff had established a *prima facie* case, his discrimination claims failed because his employer had proffered a legitimate non-discriminatory reason for terminating Plaintiff, and Plaintiff had not submitted any admissible evidence that Plaintiff's termination was pretextual. (*Id*. at 11-12.) The Court dismissed Plaintiff's Complaint with prejudice. (*Id*. at 12.)

Judgment was entered on May 28, 2010. (Doc. No. 54.) Plaintiff appealed to the Eighth Circuit Court of Appeals on June 25, 2010. (Doc. No. 55.) On July 20, 2010, the Court issued an order explaining that the May 28, 2010 Order did not address or dismiss Defendants' Counterclaim against Plaintiff and reopened the case for the purpose of adjudicating the counterclaim. (Doc. No. 64.) On August 6, 2010, the Eighth Circuit Court of Appeals issued an order granting a motion to remand the case to this Court "for the limited purposed of allowing the district court to consider the pending counterclaim and enter a final judgment." (Doc. No. 66.)

Plaintiff filed a previous request to file a motion to reconsider the Court's May 28, 2010 Order (Doc. No. 80). The Court denied the request because the Court was without authority to reconsider the merits of Plaintiff's claims against Defendants that were, at that time, pending before the Eighth Circuit Court of Appeals. (Doc. No. 89.)

3

The Eighth Circuit Court of Appeals has since dismissed Plaintiff's appeal for lack of jurisdiction due to the lack of a final decision resolving all claims. (Doc. No. 90.)

Plaintiff again requests leave to file a motion to reconsider the May 28, 2010 Order. In support, Plaintiff contends that Mr. Diamond, who was ill and passed away less than a year after preparing and arguing the opposition to Defendants' Motion for Summary Judgment, failed to seek and submit to the Court certain evidence that would have been sufficient to overcome summary judgment. Plaintiff submits that this evidence includes a tape recording of a City Council meeting during which Plaintiff's termination was discussed, a letter sent to the City of Hawley by Defendants on behalf of Plaintiff seeking an accommodation, and affidavit testimony of various members of the City of Hawley's Personnel Committee and City Council who voted on Plaintiff's termination. (Doc. No. 91 at 2.)

Defendants oppose Plaintiff's request for leave to file a motion to reconsider. Defendants contend that: (1) Plaintiff's request is in violation of Local Rule 7.1(h) because Plaintiff's letter is more than two pages; (2) Plaintiff's request is untimely; (3) Plaintiff's attempted supplementation of the record with additional affidavits is inappropriate and, even if accepted, would not alter the Court's analysis or conclusion; and (4) there is no evidence that Mr. Diamond's legal representation was inadequate. (Doc. No. 92.)

Local Rule 7.1(h) states: "Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances." D. Minn. LR 7.1(h). Having fully considered the submissions of the

parties, the Court concludes that Plaintiff has failed to demonstrate compelling circumstances sufficient to justify a motion to reconsider this Court's summary judgment order.  In particular, without deciding that Plaintiff's request to file a motion to reconsider is timely or that Plaintiff's submission of additional evidence is appropriate, the Court finds that even considering the additional evidence, the Court's decision to dismiss Plaintiff's claims against Defendants would remain the same.  None of the newly submitted evidence would alter the Court's determination that Plaintiff's discrimination claims, and thus malpractice claims, fail as a matter of law.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's request to file a motion for reconsideration (Doc. No. [91]) is **DENIED**.

Dated:  November 30, 2011         s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge